IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

BENNIE L. KIRK                                                                                    PLAINTIFF

v.                                          Civil No. 04-5262

JO ANNE B. BARNHART,
Commissioner, Social
Security Administration                                                                       DEFENDANT

**MEMORANDUM OPINION**

      Plaintiff, Bennie L. Kirk, appealed to this Court from the denial of his application for social security disability benefits by the Commissioner of the Social Security Administration (hereinafter "Commissioner") (Doc. #1). On October 24, 2005, the undersigned remanded this matter to the Commissioner for further consideration (Doc. #8 & 9).

      Plaintiff's attorney, Jon P. Robinson, filed a Motion for Attorney's Fees pursuant to the EAJA (the *Equal Access to Justice Act*, hereinafter the "*EAJA"*), on November 3, 2005 (Doc. #10 & 11). The Commissioner filed a response to the EAJA motion on November 18, 2005, and November 22, 2005 (Doc. #12 & 13). This matter is now ready for consideration.

      *28 U.S.C. § 2412(d)(1)(A)* provides that the Court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The Commissioner has the burden of proving that the denial of benefits was substantially justified. *Jackson v. Bowen, 807 F.2d 127, 128 (8th Cir.1986)*.

      Plaintiff is the prevailing party in this matter. Within both of the responsive pleading filed by the defendant, the Commissioner expressly states that she does not oppose the award of a reasonable attorney's fee under the *EAJA*, the hourly rate sought or the number of hours for

which compensation is requested (Doc. #16). Likewise, the Commissioner's position represents an admission that the government's decision to deny benefits was not "substantially justified."

An award of attorney's fees under the *EAJA* is appropriate even though at the conclusion of the case, plaintiff's attorney may be authorized to charge and collect a fee pursuant to *42 U.S.C. § 406(b)(1)*. Recovery of attorney's fees under both the *EAJA* and *42 U.S.C. § 406(b)(1)* was specifically allowed when Congress amended the *EAJA* in 1985. *Gisbrecht v. Barnhart, 535 U.S. 789, 796, 122 S.Ct. 1817, 1822, 152 L.Ed.2d 996 (2002),* citing *Pub.L. 99-80, § 3, 99 Stat. 186 (1985).*

> To permit a fee award under the EAJA, assuming, of course, that the necessary standard is met, in addition to that allowed by the district court out of a claimant's past-due benefits does no more than reimburse the claimant for his or her expenses and results in no windfall for the attorney.

*Meyers v. Heckler, 625 F.Supp. 228, 231 (S.D.Ohio 1985).* Furthermore, awarding fees under both acts facilitates the purposes of the *EAJA*, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *Id.* See also, *Cornella v. Schweiker, 728 F.2d 978 (8th Cir.1984).*

In determining a reasonable attorney's fee, the Court will in each case consider the following factors: time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and the amount involved. *Allen v. Heckler, 588 F.Supp. 1247 (W.D.N.Y. 1984)*.

However, the *EAJA* is not designed to reimburse without limit. *Pierce v. Underwood,*

*487 U.S. 552, 573 (1988).* The district court is "in the best position to evaluate counsel's services and fee request, particularly when the court has had the opportunity to observe firsthand counsel's representation on the substantive aspects of the disability claim." *Hickey v. Secretary of HHS, 923 F.2d 585, 586 (8th Cir.1991),* quoting *Cotter v. Bowen, 879 F.2d 359, 361 (8th Cir.1989).* The court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner. See *Decker v. Sullivan, 976 F.2d 456, 459 (8th Cir.1992)* ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

The statutory ceiling for attorney fees is $125.00 per hour. See *28 U.S.C. § 2 412(d)(2)(A).* The *EAJA* further requires an attorney seeking fees to submit "an itemized statement...stating the actual time expended and the rate at which fees and other expenses were computed." *28 U.S.C. § 2412(d)(1)(B).* Attorneys seeking fees under federal fee-shifting statutes such as the *EAJA* are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of the work." *Id.* Where documentation is inadequate, the court may reduce the award accordingly. *Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).*

Plaintiff's attorney seeks a total award under the *EAJA* in the amount of $2,262.50 Counsel arrives at this amount by requesting reimbursement of expenses in the amount of $13.95 along with the $2,262.50 for attorney fees calculated at the rate of $125.00 per hour for the 18.10 hours he asserts he devoted to the representation of plaintiff in this Court. Plaintiff's counsel seeks $125.00 per hour in compliance with the statute and without an enhanced fee based upon an increase in the cost of living (Doc. #12-15).

AO72A
(Rev. 8/82)

The party seeking attorney fees bears the burden of proving that the claimed fees are reasonable. *Hensley v. Eckerhart, 461 U.S. at 437.*

*28 U.S.C.A. § 2412(d)(2)(A)* provides:

"fees and other expenses" includes....reasonable attorney fees (The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that....(ii) attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.)

START HERE WITH NO CPI LANGUAGE BLURB Plaintiff's counsel presented a copy of the September 2005 summary of the Consumer Price Index as evidence of an increase in the cost of living (Doc. #10, pp 4, 5, & 6), and thus, has presented sufficient evidence of an increase in the cost of living. Therefore, her argument for increased attorney fees, based on a cost of living increase, has merit.

We further conclude that in light of the evidence of an increased cost of living, awarding an enhanced fee in the amount of $148.00 per hour would promote consistency in the *EAJA* awards in the judicial districts of Arkansas. See *Johnson v. Sullivan, 919 F.2d 503, 505 (8th Cir.1990).* Thus, upon consideration of the above consideration, we find that an appropriate hourly rate for the award of attorney's fees in this case is $148.00 per hour.

Further, as has been noted, the defendant failed to object to the number of hours for which counsel seeks a fee award. Yet, as always, we have carefully reviewed the time records submitted in plaintiff's counsel's itemization (Doc. #10, p. 7).

Plaintiff seeks EAJA attorney fees for 1.00 hour on December 20, 2004, for review "of defendant's appeal brief" (Doc. 10, p. 7). However, defendant's appeal brief was not

AO72A
(Rev. 8/82)

filed of record until nearly two months later, February 18, 2005 (Doc. #6). As noted earlier, attorneys seeking fees under the EAJA must submit an itemization of their time records which reflect the actual time spent on a particular task and the rate at which expenses and fees are calculated. See *28 U.S.C. § 2412(d)(1)(B)*. Likewise, the itemization of attorney time records must be maintained contemporaneously with the task for which compensation is claimed. *Id.* In this instance, it is clear that the entry for December 20, 1994, with respect to review of Defendant's February 18, 2005, appeal brief, was not contemporaneous with the act described. The defendant's brief was not filed until February 18, 2005. Therefore, Plaintiff's documentation is inadequate and the 1.00 hour should be deducted from the EAJA award in this case. *See Hensley v. Eckerhart, 461 U.S. at 433.*

Counsel also seeks compensation for: 3.75 hours on January 5, 2005 (preparation of outline for brief); 6.75 hours on January 5, 2005 (research and review caselaw); 13.00 hours on January 12, 2005 (drafted brief and memorandum in support); and, 1.50 hours on January 17, 2005 (finalized brief, filed and mailed). Therefore, counsel seeks a total of 25.50 hours for work associated with plaintiff's appeal brief (Doc. #5). The preparation for and composition of a social security appeal brief submitted to the district court are matters which are largely routine. The compensable time sought for the accomplishment of this task is excessive, and we find that an additional 12.75 hours should be deducted.

Total deductions from compensable time sought equal 13.75 hours. Thus, we find that plaintiff's counsel is entitled to compensation for 18.75 hours spent in the representation of this plaintiff before the district court.

Thus, we find that plaintiff's counsel is entitled to compensation for 18.75 hours spent

AO72A
(Rev. 8/82)

in the representation of this plaintiff before the district court. at the rate of $148.00 per hour, or $2,775.00, and reimbursement for expenses in the amount of $284.89, for a total attorney's fee award of $3,059.89 under the *EAJA*.

      The parties are reminded that the award herein under the *EAJA* will be taken into account at such time as a reasonable fee is determined pursuant to *42 U.S.C. § 406*, in order to prevent double recovery by counsel for the plaintiff.

      IT IS SO ORDERED this 18th day of April, 2006.

                                        /s/Bobby E. Shepherd
                                        Honorable Bobby E. Shepherd
                                        United States Magistrate Judge

AO72A
(Rev. 8/82)